IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHELSEA FARRER and CHAD YOUNG, <br><br> Plaintiffs, <br><br> v. <br><br> WANEKA ROSEBUD CORNPEACH, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER TO REMAND TO STATE COURT AND DENY DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT <br><br> Case No. 2:25-cv-00551-JNP-DAO <br><br> Chief District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Chelsea Farrer and Chad Young initiated an action against Defendant Waneka Rosebud Cornpeach in Utah state court, which Cornpeach then removed to this court. ECF No. 1-1 ("Compl."); ECF No. 1 ("Notice of Removal"). The court, acting sua sponte, ordered Cornpeach to clarify the legal and factual bases giving this court subject matter jurisdiction. ECF No. 14 ("Order to Allege Jurisdiction"). After reviewing Cornpeach's response, the court finds it lacks subject matter jurisdiction. Accordingly, the court REMANDS the action to Utah state court pursuant to 28 U.S.C. § 1447(c) and DENIES Cornpeach's motion for a declaratory judgment as moot. ECF No. 17 ("Def.'s Mot.").

## BACKGROUND

This action arises out of a violent interaction between Cornpeach and Plaintiffs. Plaintiffs allege that while driving, they were stopped by Cornpeach, who was "an officer of the Ute Indian Tribe Fish and Wildlife Department." Compl. ¶¶ 8–12. Cornpeach eventually shot Plaintiffs, causing significant injuries. *Id.* ¶¶ 13–17. Plaintiffs brought this action in Utah state court,

asserting various tort claims against Cornpeach in her individual capacity—including assault, battery, false imprisonment, intentional infliction of emotional distress, and negligence. *Id.* ¶¶ 26–52.

Cornpeach then sought to remove the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and the Supremacy Clause, U.S. Const. art. VI, cl. 2. Notice of Removal at 1. Specifically, Cornpeach claimed the court has "[federal question] jurisdiction under . . . § 1331 because [the case] involves issues related to infringement and preemption of tribal sovereignty." *Id.* ¶ 6. The court had doubts regarding whether § 1331 was applicable and ordered Cornpeach to clarify the basis for federal jurisdiction. Order to Allege Jurisdiction. Both Cornpeach and Plaintiffs filed responsive briefing addressing the jurisdictional issues.[1] *See* Def.'s Mot.; ECF No. 25 ("Pls.'s' Resp."); ECF No. 26 ("D.'s Reply").

## DISCUSSION

Cornpeach seeks to remove pursuant to the general removal statute, which permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Dutcher v. Matheson*, 733 F.3d 980, 984–85 (10th Cir. 2013); Notice of Removal at 1. But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because "[f]ederal courts are courts of limited jurisdiction," there must be "a

---

[1] This responsive briefing also addressed Conrpeach's request for a declaratory judgment that the state court lacked jurisdiction. Because this court lacks subject matter jurisdiction and must remand the case, there is no need to address Cornpeach's request. *See Fent v. Oklahoma Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000) (noting that "there is no implicit futility exception hidden behind the plain language of § 1447(c)" (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999)).

statutory basis for their jurisdiction." *Dutcher*, 733 F.3d at 984 (quoting *Rural Water Dist. No. 2 v. City of Glenpool,* 698 F.3d 1270, 1274 (10th Cir. 2012)).

Cornpeach invokes § 1331 as the ultimate statutory basis of this court's jurisdiction. Notice of Removal at 1; Def.'s Mot. at 5–7. This statutory provision gives the court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331. But § 1331's jurisdictional grant is limited by the well-pleaded complaint rule and applies "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, § 1331 federal question jurisdiction cannot be established "on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[] and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393. Rather, "a suit arises under federal law [for the purposes of § 1331] only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (quoting *Schmeling v. NORDAM,* 97 F.3d 1336, 1339 (10th Cir.1996)).

On initial review, Cornpeach's arguments for jurisdiction appeared to run afoul of this rule. Cornpeach acknowledges that Plaintiffs brought "various tort claims under Utah law." Notice of Removal ¶ 5. These claims appear to be properly pled without any reference to the federal issues that Cornpeach has raised "related to infringement and preemption of tribal sovereignty." *Id.* ¶ 6. Accordingly, the court was skeptical of whether it in fact had jurisdiction and ordered Cornpeach to clarify the basis of this court's jurisdiction. Order to Allege Jurisdiction. After reviewing Cornpeach's clarification, the court remands the case.

The federal issue that Cornpeach cites is what she calls "the infringement doctrine" Def.'s Mot. at 6–7 (citing *Williams v. Lee*, 358 U.S. 217, 220 (1959)). Under this doctrine, a state's attempt to exercise jurisdiction absent congressional authorization "may [unconstitutionally] interfere with [a] tribe's ability to exercise its sovereign functions" under the Indian Commerce Clause, U.S. Const. art. I, § 8, cl. 3. *Ramah Navajo Sch. Bd., Inc. v. Bureau of Revenue of New Mexico*, 458 U.S. 832, 837 (1982). *But see generally* Gregory Ablavsky, *Beyond the Indian Commerce Clause,* 124 Yale L. J. 1012 (2015) (questioning whether this doctrine may be better grounded in other sources of law). Cornpeach argues that because she is "a tribal member" being sued for "alleged[ly] tortious conduct that occurred on tribal land . . . the state court's jurisdiction . . . is precluded by . . . the infringement doctrine." Def.'s Mot. at 5–7.

But, regardless of whether this argument invoking the infringement doctrine is colorable, it does not directly address the court's concerns regarding the well-pleaded complaint rule. Cornpeach does not show that any federal issue related to the infringement doctrine would be raised in Plaintiffs' well-pleaded complaint. The present case thus appears to be analogous to the many other cases where the presence of a federal, and even a constitutional, defense to state law claims is insufficient to create § 1331 jurisdiction. *See, e.g.*, *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (noting that federal defenses based on "the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for [federal question jurisdiction]" outside a narrow class of exceptions) (citation modified); *Dowd v. All. Mortg. Co.*, 339 F. Supp. 2d 452, 455–56 (E.D.N.Y. 2004) (holding that a defendant's argument that a state statute was unconstitutional under the dormant Commerce Clause was "merely an anticipated defense to liability" that did not create federal question jurisdiction).

Perhaps the most analogous case is *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 839–840 (1989) (per curiam). There, the plaintiff had brought various state law claims against the defendants in state court, and the defendants sought to remove to federal court because the case "implicated the federal question of tribal [sovereign] immunity." *Id.* at 839. But the Supreme Court found that removal was improper because the district court lacked federal question jurisdiction under the well-pleaded complaint rule. *Id.* at 840–42. As the Court emphasized, "it has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Id.* at 841. *See also Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 946–49 (10th Cir. 2014) (similarly finding that a tribal sovereign immunity defense did not suffice to establish federal question jurisdiction); *Medesimo Tempo, LLC v. Skull Valley Health Care, LLC*, No. 2:21-CV-00715-DBB, 2022 WL 901590, at *3 (D. Utah Mar. 28, 2022) (same).

Cornpeach attempts to distinguish this case from *Graham* and its progeny on the ground that the federal issue here involves the infringement doctrine rather than sovereignty immunity. Def.'s Reply at 8–9. But the court fails to see why this difference should matter. Cornpeach emphasizes that "[t]he determination as to whether a state court is infringing upon tribal sovereignty [under the infringement doctrine] is not merely a defense" but "rather as a threshold issue, it falls in line with the reality that a court has a duty to 'assure itself that the threshold requirement of subject matter jurisdiction has been met in every case.'" *Id.* at 8 (quoting *Med-Tec, Inc. v. Kostich*, 980 F. Supp. 1315, 1320 (N.D. Iowa 1997)). Yet in this respect, the infringement

doctrine is perfectly analogous to tribal sovereign immunity.[2] *See Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1158 (10th Cir. 2014) ("The issue of tribal [sovereign] immunity is indeed jurisdictional.").

In short, Cornpeach neither shows that the issue of infringement doctrine should have been pled by Plaintiffs nor suggests that some recognized exception to the well-pleaded complaint rule applies.[3] Unable to satisfy itself of its subject matter jurisdiction, the court must remand under § 1447(c).

The court's ruling is bolstered by the fact that all the cases that Cornpeach cites finding federal question jurisdiction based on jurisdictional challenges involve plaintiffs challenging the jurisdiction of a state or tribal court in an independent federal action. *See* Def.'s Reply at 6–7;

---

[2] A more promising way to distinguish this case from *Graham* would be to argue that the infringement doctrine, unlike tribal sovereign immunity, is non-waivable. *See Ute Indian Tribe v. Lawrence*, 875 F.3d 539, 545–46 (10th Cir. 2017) (distinguishing *Graham* on these grounds).

But it appears likely that a tribe's right to exclusive jurisdiction under the infringement doctrine is in fact waivable. Insofar as the infringement doctrine exists to protect the "boundaries between state regulatory authority and tribal self-government," there appears to be nothing problematic with tribes waiving their right to exclusive jurisdiction. *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 141 (1980). *See also Water Wheel Camp Recreational Area, Inc. v. LaRance*, No. CV-08-0474-PHX-DGC, 2009 WL 3089216, at *5 (D. Ariz. Sept. 23, 2009), *aff'd in part, vacated in part, rev'd in part*, 642 F.3d 802 (9th Cir. 2011) ("If a [t]ribe can waive sovereign immunity by contract, certainly it can waive tribal court jurisdiction by the same means."); *Becker v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 11 F.4th 1140, 1144–45 (10th Cir. 2021) (analyzing a contract that purported to waive a tribe's right to exclusive jurisdictional).

Regardless, this discussion in *Lawrence* appears to be dicta. *See Lawrence*, 875 F.3d at 546 (reaching its conclusion on the "[m]ore important[]" fact that the party raising the federal issue was the plaintiff). Thus, even if the infringement doctrine were waivable, this would likely be insufficient to address the court's conclusion regarding the well-pleaded complaint rule. Moreover, the court is reluctant to rely on waivability when Cornpeach did not address the issue in her briefing.

[3] For an example of the rare exception to the well-pleaded complaint rule, see *Devon Energy Prod. Co.*, 693 F.3d at 1204–06 (describing the doctrine of complete preemption).

6

*Brown on Behalf of Brown v. Rice*, 760 F. Supp. 1459, 1462 (D. Kan. 1991); *Oglala Sioux Tribe v. C & W Enters., Inc.*, 516 F. Supp. 2d 1039, 1039, 1042–43 (D.S.D. 2007); *Nat'l Farmers Union Ins. Companies v. Crow Tribe of Indians*, 471 U.S. 845, 847, 852–53(1985); *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Utah*, 790 F.3d 1000, 1003–05 (10th Cir. 2015). Unlike these plaintiffs whose complaints directly raised federal issues about whether federal law permitted a state or tribal court to exercise jurisdiction, Plaintiffs in this case bring state-law tort claims that are not based on federal law. While perhaps Cornpeach could bring an independent action as a plaintiff alleging that the state court lacked jurisdiction under the infringement doctrine, this is merely a hypothetical.[4] And even if requiring Cornpeach to bring an independent action in federal court seems needlessly tedious, this would not be the first time that § 1331 turns on "reasons involving perhaps more history than logic." *Ute Indian Tribe v. Lawrence*, 875 F.3d 539, 546 (10th Cir. 2017) (quoting *Franchise Tax Board v. Construction Laborers*, 463 U.S. 1, 4 (1983)).

Importantly, this lack of § 1331 jurisdiction still holds even if the court follows Cornpeach's suggestion and "go[es] behind" Plaintiffs' representations about where the allegedly tortious activity occurred. Def.'s Mot. at 4–5. If Plaintiffs had pled that the incident occurred on reservation land, there is still no reason to think that Plaintiffs would be required to raise issues related to the infringement doctrine in their complaint. Cornpeach does not point to any legal

---

[4] Even in this hypothetical, a court still may ultimately conclude that there was no federal question jurisdiction because the plaintiff would still "seek[] in effect[] to establish a defense against a cause of action which the . . . defendant might assert in state court." *See Oglala Sioux Tribe v. C & W Enters., Inc.*, 487 F.3d 1129, 1131 (8th Cir. 2007) (quoting *Lawrence County v. South Dakota,* 668 F.2d 27, 30 (8th Cir.1982)). But the argument for federal question jurisdiction certainly would be stronger, unlike the present case where the complaint does not even "allege[] a violation of federal law." *Id.*

7

authorities suggesting otherwise. The well-pleaded complaint rule thus would continue to be a jurisdictional hurdle, regardless of where the incident allegedly occurred.

Moreover, even if the court were convinced that Plaintiffs' well-pleaded complaint would raise a federal issue, the court would still have to grapple with the hard question of whether exercising jurisdiction over Plaintiffs' state law claims "is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005). This would require determining whether the state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Given these obstacles to federal question jurisdiction, "it [at least] *appears* that [this] court lacks subject matter jurisdiction." § 1447(c) (emphasis added). Therefore, this "case shall be remanded" and Cornpeach's motion will be denied as moot. *Id.*

## CONCLUSION AND ORDER

For the reasons above, the court DENIES Plaintiffs' motion for declaratory judgment as moot and ORDERS this action remanded to the Eighth Judicial District Court in and for Duchense County, State of Utah.

DATED March 5, 2026

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge